# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RONAL OWENS, | | 1:10-cv-01644-OWW-DLB (HC) |
| | Petitioner, | ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED FOR LACK OF JURISDICTION |
| | v. | |
| KINGS COUNTY, | | [Doc. 1] |
| | Respondent. | |

    Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

    On August 30, 2010, Petitioner filed the instant petition for writ of habeas corpus in the United States District Court for the Eastern District of California, Sacramento Division. The petition was transferred to this Court on September 10, 2010.

    Petitioner challenges a 2008 conviction in the California Superior Court for the County of Kings.

I.    <u>Improper Respondent</u>

    The Court has conducted a preliminary review of the Petition and finds it is without jurisdiction to hear the case as Petitioner has named an improper respondent.

    A petitioner seeking habeas corpus relief under 28 U.S.C. § 2254 must name the state officer having custody of him as the respondent to the petition. Rule 2 (a) of the Rules Governing § 2254 Cases; <u>Ortiz-Sandoval v. Gomez</u>, 81 F.3d 891, 894 (9th Cir. 1996); <u>Stanley v.</u>

1  California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994).  Normally, the person having
2  custody of an incarcerated petitioner is the warden of the prison in which the petitioner is
3  incarcerated because the warden has "day-to-day control over" the petitioner.  Brittingham v.
4  United States, 982 F.2d 378, 379 (9th Cir. 1992); see, also, Stanley v. California Supreme Court,
5  21 F.3d 359, 360 (9th Cir. 1994).  However, the chief officer in charge of state penal institutions
6  is also appropriate. Ortiz, 81 F.3d at 894; Stanley, 21 F.3d at 360.  Where a petitioner is on
7  probation or parole, the proper respondent is his probation or parole officer and the official in
8  charge of the parole or probation agency or state correctional agency.  Id.
9       In this case, Petitioner names Kings County as Respondent.  Although Petitioner was
10 convicted in Kings County, the County cannot be considered the person having day-to-day
11 control over Petitioner.  Petitioner is currently in the custody of the Kern Valley State Prison and
12 the Warden of that facility is Kelly Harrington.
13      Petitioner's failure to name a proper respondent requires dismissal of his habeas petition
14 for lack of jurisdiction.  Stanley, 21 F.3d at 360;  Olson v. California Adult Auth., 423 F.2d 1326,
15 1326 (9th Cir. 1970); see, also, Billiteri v. United States Bd. Of Parole, 541 F.2d 938, 948 (2d
16 Cir. 1976).  However, in this case, the Court will give petitioner the opportunity to cure his defect
17 by amending the petition to name a proper respondent.  See, West v. Louisiana, 478 F.2d 1026,
18 1029 (5th Cir.1973), *vacated in part on other grounds*, 510 F.2d 363 (5th Cir.1975) (en banc)
19 (allowing petitioner to amend petition to name proper respondent); Ashley v. State of
20 Washington, 394 F.2d 125 (9th Cir. 1968) (same).
21 II.     Exhaustion of State Court Remedies
22      In reviewing Petitioner's petition it is not clear what, if any, claims were exhausted in the
23 California Supreme Court.
24      A petitioner who is in state custody and wishes to collaterally challenge his conviction by
25 a petition for writ of habeas corpus must exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1).
26 The exhaustion doctrine is based on comity to the state court and gives the state court the initial
27 opportunity to correct the state's alleged constitutional deprivations.  Coleman v. Thompson, 501
28 U.S. 722, 731, 111 S.Ct. 2546, 2554-55 (1991);  Rose v. Lundy, 455 U.S. 509, 518, 102 S.Ct.

1  1198, 1203 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

2  A petitioner can satisfy the exhaustion requirement by providing the highest state court
3  with a full and fair opportunity to consider each claim before presenting it to the federal court.
4  Picard v. Connor, 404 U.S. 270, 276, 92 S.Ct. 509, 512 (1971); Johnson v. Zenon, 88 F.3d 828,
5  829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair
6  opportunity to hear a claim if the petitioner has presented the highest state court with the claim's
7  factual and legal basis. Duncan v. Henry, 513 U.S. 364, 365, 115 S.Ct. 887, 888 (1995) (legal
8  basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).
9  Additionally, the petitioner must have specifically told the state court that he was raising a
10 federal constitutional claim. Duncan, 513 U.S. at 365-66, 115 S.Ct. at 888; Keating v. Hood, 133
11 F.3d 1240, 1241 (9th Cir.1998). For example, if a petitioner wishes to claim that the trial court
12 violated his due process rights "he must say so, not only in federal court but in state court."
13 Duncan, 513 U.S. at 366, 115 S.Ct. at 888.

14 Because it is unclear what, if any, claims presented in the instant federal petition for writ
15 of habeas corpus were exhausted in the state's highest court, Petitioner will be ordered to show
16 cause regarding exhaustion. If possible, Petitioner should present to the Court documentary
17 evidence that the claims were indeed presented to the California Supreme Court.[1]

18 Accordingly, it is HEREBY ORDERED that:

19 1. Petitioner SHALL SHOW CAUSE why the Petition should not be dismissed by
20 AMENDING the Petition to name a proper respondent and show cause as to what
21 claims, if any, were presented to the state's highest court within thirty (30) days of
22 the date of service of this order. To comply with this directive petitioner need
23 only submit a pleading titled "Amendment to Petition" in which he amends the
24 petition to name a proper respondent. As noted above, that individual is the
25 person having day to day custody over petitioner - usually the warden of the

---

[1] A copy of the California Supreme Court's denial alone is insufficient to demonstrate exhaustion. The proper documentation to provide would be a copy of the Petition *filed* in the California Supreme Court that includes the claim now presented and a file stamp showing that it was indeed filed in that Court.

institution where he is confined.  The Amendment should be clearly and boldly captioned as such and include the case number referenced above, and be an original signed under penalty of perjury.

2. Failure to comply with this order may result in the action be dismissed for failure to comply with a court order.  Local Rule 11-110.

IT IS SO ORDERED.

Dated:  **October 15, 2010**                    /s/ **Dennis L. Beck**
                                                                UNITED STATES MAGISTRATE JUDGE