# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RONAL OWENS, | | 1:10-cv-01644-OWW-DLB (HC) |
| | Petitioner, | FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF ACTION |
| | v. | FOR FAILURE TO OBEY COURT ORDER |
| KINGS COUNTY, | | [Docs. 10, 11] |
| | Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner filed the instant petition for writ of habeas corpus on August 30, 2010. On October 18, 2010, the Court issued an Order to Show Cause why the petition should not be dismissed for lack of jurisdiction, namely, the failure to name a proper respondent and exhaust the state judicial remedies.

On November 5, 2010, Petitioner filed a response to the Order to Show Cause. Although Petitioner names the proper respondent, he did not respond to the Court's order to demonstrate that he exhausted the state court remedies. Therefore, the Court will presume that Petitioner has failed to do so and dismissal without prejudice is warranted. Indeed, the Court's Order to Show Cause advised Petitioner that the failure to respond to the Court's order would result in a recommendation of dismissal pursuant to Local Rule 110.

///

1      Local Rule 110 provides that a "failure of counsel or of a party to comply with these
2 Local Rules or with any order of the Court may be grounds for the imposition by the Court of any
3 and all sanctions . . . within the inherent power of the Court."  District courts have the inherent
4 power to control their dockets and "in the exercise of that power, they may impose sanctions
5 including, where appropriate . . . dismissal of a case."  Thompson v. Housing Auth., 782 F.2d
6 829, 831 (9th Cir. 1986).  A court may dismiss an action, with prejudice, based on a party's
7 failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.
8 See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995)(dismissal for noncompliance with
9 local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to
10 comply with an order requiring amendment of complaint); Malone v. U.S. Postal Service, 833
11 F.2d 128, 130 (9th Cir. 1987)(dismissal for failure to comply with court order).
12      In determining whether to dismiss an action for lack of prosecution, the Court must
13 consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the
14 Court's need to manage its docket; (3) the risk of prejudice to the Respondents; (4) the public
15 policy favoring disposition of cases on their merits; and, (5) the availability of less drastic
16 alternatives.  Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856
17 F.2d 1439 (9th Cir. 1988).  The Court finds that the public's interest in expeditiously resolving
18 this litigation and the court's interest in managing the docket weigh in favor of dismissal, as this
19 case has been pending since August 20, 2010.  The Court cannot hold this case in abeyance
20 indefinitely awaiting compliance by Petitioner.  The third factor, risk of prejudice to
21 Respondents, also weighs in favor of dismissal, since a presumption of injury arises from the
22 occurrence of unreasonable delay in prosecuting an action.  Anderson v. Air West, 542 F.2d 522,
23 524 (9th Cir. 1976).  The fourth factor -- public policy favoring disposition of cases on their
24 merits -- is greatly outweighed by the factors in favor of dismissal discussed herein.  Finally,
25 given Petitioner's noncompliance with the Court's order, no lesser sanction is feasible.
26      Based on the foregoing, it is HEREBY RECOMMENDED that the instant petition for
27 writ of habeas corpus be DISMISSED for failure to comply with the Court's order.
28

1  This Findings and Recommendation is submitted to the assigned United States District
2  Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the
3  Local Rules of Practice for the United States District Court, Eastern District of California.
4  Within thirty (30) days after being served with a copy, any party may file written objections with
5  the court and serve a copy on all parties.  Such a document should be captioned "Objections to
6  Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served
7  and filed within fourteen (14) days after service of the objections.  The Court will then review the
8  Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that
9  failure to file objections within the specified time may waive the right to appeal the District
10  Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

12  IT IS SO ORDERED.
13  Dated:   **December 8, 2010**              /s/ **Dennis L. Beck**
                                        UNITED STATES MAGISTRATE JUDGE